907 F.2d 157
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Brenda M. COLLIER, Petitioner.
 Misc. No. 284.
 United States Court of Appeals, Federal Circuit.
 May 24, 1990.
 
 Before RICH, Circuit Judge, and COWEN and SKELTON, Senior Circuit Judges.
 ORDER
 RICH, Circuit Judge.
 
 
 1
 Brenda M. Collier moves for leave to proceed in forma pauperis and petitions for writ of mandamus to direct the Claims Court to vacate its July 27, 1989 order issued in Collier v. United States, 409-89C.
 
 
 2
 On July 27, 1989, the Claims Court dismissed Collier's complaint stating at page 2:
 
 
 3
 The Complaint at bar is the fourth such attempt by Ms. Collier to seek adjudication of her claim in this court. For the reasons clearly stated in Judge Merow's Orders of February 8 and March 1, 1989, Ms. Collier does not, and cannot at this date, show that this court has jurisdiction over her grievance. If Ms. Collier took her case to the Merit Systems Protection Board and received an adverse ruling, she could seek appeal of that decision before the United States Court of Appeals for the Federal Circuit; not this court. This court has no jurisdiction whatsoever to hear her claim. That may not be satisfactory to her but is is nevertheless the law. Furthermore, Ms. Collier's repeated attempts to file here when she knows full well that this court has no jurisdiction to entertain her claim is vexatious and frivolous and has subjected the court to needless annoyance and expense. Any further attempts to file her claim in this court will subject Ms. Collier to the possibility of sanctions. The Clerk is hereby ordered to return any future purported Complaints and related documents to Ms. Collier unfiled. The court wishes to make it abundantly clear to Ms. Collier this is the last time that the court expects to hear from her. Four judges, on sound grounds, have ruled that this court has no jurisdiction over her claim. That is quite enough. Under these circumstances the court would generally charge Ms. Collier costs but in view of her apparent financial straits, the court will refrain from doing so this one last time.
 
 
 4
 As gleaned from Collier's attachment to her petition here (a copy of a March 21, 1990 letter from Collier to the Clerk of the Claims Court), Collier submitted another complaint that was duly rejected by the Claims Court. On March 21, Collier wrote to the Clerk asking for the "legal authority for such action." On the face of the letter, the Clerk of the Claims Court referred her to "enclosed page 2 from the order in your case No. 409-89C."
 
 
 5
 Mandamus is an extraordinary remedy reserved for extraordinary situations. Only exceptional circumstances amounting to a judicial usurpation of power will justify issuance of the writ. Gulfstream Aerospace Corp. v. Mayacamas Corp., 108 S.Ct. 1133, 1143 (1988). Moreover, the party seeking issuance of the writ has the burden of showing that its right to the writ is clear and indisputable. Id.
 
 
 6
 Here, Collier has not satisfied this stringent standard. She has not shown that the Claims Court's proscription is unreasonable or unwarranted in view of her filing of duplicative causes of action that are without legal merit. The Claims Court is not precluded from instituting a mechanism, such as the one used here, to discourage repetitious, meritless claims.*
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 (1) Collier's motion for leave to proceed in forma pauperis is granted.
 
 
 9
 (2) Collier's petition for writ of mandamus is denied.
 
 
 
 *
 Athough not explicitly delineated in the Claims Court's order, it is clear that the prohibition against future filings is confined to the matter already adjudicated, not to unrelated matters